United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SUNITHA GUNTIPALLY,<br><br>Defendant. | Case No. 16-CR-00189-LHK-1<br><br>**ORDER DENYING EX PARTE MOTION FOR A STAY PENDING APPEAL**<br><br>Re: Dkt. No. 236 |

Before the Court is Defendant Guntipally's January 25, 2018 Ex Parte Motion for a Stay Pending Appeal. ECF No. 236 ("Mot."). The government opposed Defendant's motion on January 29, 2018. ECF No. 240 ("Opp."). For the reasons stated below, the Court DENIES Defendant's motion.

Ordinarily, a criminal defendant "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" must "be detained." 18 U.S.C. § 3143(b)(1). However, a criminal defendant can obtain a stay of detention pending appeal if she (1) demonstrates by clear and convincing evidence that she does not pose a flight risk; (2) demonstrates by clear and convincing evidence that she does not pose a danger to the community; (3) establishes that her appeal is not for the purpose of delay; and (4) establishes that her appeal

1

1  "raises a substantial question of law or fact" that is likely to result in "reversal," "an order for a new trial," "a sentence that does not include a term of imprisonment," or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.* § 3143(b)(1)(B). The defendant bears the burden of showing that she is entitled to a stay of detention pending appeal. *See United States v. Hardy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

Even assuming, without deciding, that Defendant has demonstrated by clear and convincing evidence that she does not pose a flight risk or a danger to the community and that Defendant's appeal is not for the purpose of delay, the Court finds that Defendant has not met her burden of showing that she is entitled to a stay of detention pending appeal pursuant to 18 U.S.C. § 3143(b)(1). This is because Defendant has failed to demonstrate that her appeal "raises a substantial issue of law or fact" that is likely to result in either (1) reversal; (2) an order for a new trial; (3) a sentence that does not include a term of imprisonment; or (4) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *Id.* § 3143(b)(1)(B). "[T]he word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal [or another outcome]' defines the type of question that must be presented." *Handy*, 761 F.2d at 1281. A "substantial question" of law or fact is one that is "fairly debatable." *Id.* at 1283.

In the instant case, Defendant indicates that she will appeal on the basis of the Court's failure to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence," as required by Federal Rule of Criminal Procedure 32(i)(4)(A)(ii). As an initial matter, the Court notes that Defendant pled guilty pursuant to a plea agreement that contained an appeal waiver. Specifically, the appeal waiver in Defendant's plea agreement stated: "I agree to give up my right to appeal my conviction, the judgment, and orders of the Court, as well as any aspect of my sentence, including any orders relating to forfeiture and/or restitution, except that I reserve my right to claim that my counsel was ineffective." ECF No. 165 ¶ 4.

At the change of plea hearing, the Court engaged in the following exchange with Defendant:

> The Court: Do you understand that if you were to go to trial and be convicted, you would have the right to appeal your conviction, the judgment, your sentence, and any orders made by the court?
>
> The Defendant: Yes.
>
> The Court: Do you understand that in paragraph 4 of the plea agreement, you give up your right to appeal your conviction, the judgment, and orders of the Court, as well as any aspect of your sentence, including any orders relating to forfeiture and/or restitution, except you keep the right to claim that your lawyer was not effective. Do you understand that?
>
> The Defendant: Yes.

ECF No. 227 at 22. Then, the Court found that Defendant "made a knowing, intelligent, free and voluntary waiver of rights and entry of a guilty plea" pursuant to a plea agreement. *Id.* at 30.

Defendant's "appeal waiver bars [the Ninth Circuit's] review of [any] argument that the district court failed to comply with" Rule 32(i)(4)(A)(ii). *United States v. Savage*, 406 F. App'x 220, 221 (9th Cir. 2010); *see United States v. Nunez-Pompa*, 538 F. App'x 787, 787–88 (9th Cir. 2013) (dismissing an appeal challenging a district court's alleged violation of Rule 32(i)(4)(A)(ii) because the defendant's appeal waiver covered "any sentencing challenge"); *United States v. Tinoco*, 436 F. App'x 794, 795 (9th Cir. 2011) (dismissing an appeal challenging a district court's alleged violation of Rule 32(i)(4)(A)(ii) "in light of the valid appeal waiver"). As a result, any appeal by Defendant challenging the Court's Rule 32 error would be unmeritorious and therefore would not present a "substantial question" of law or fact.

Recognizing that her appeal waiver bars such an appeal, Defendant indicates that her appeal will instead assert an ineffective assistance of counsel claim based on her previous counsel's failure to object to the Court's failure to offer Defendant an opportunity to allocute. ECF No. 236 at 4 n.3. However, Defendant has not met her burden of demonstrating that such an

3

Case No. 16-CR-00189-LHK-1
ORDER DENYING EX PARTE MOTION FOR A STAY PENDING APPEAL

appeal raises a substantial question of law or fact. First, as a general matter, "[c]laims of ineffective assistance of counsel are generally inappropriate on direct appeal." *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). The only exceptions are when "the record on appeal is sufficiently developed to permit review and determination of the issue" and when "the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000). Defendant does not address whether either of these exceptions would apply, and thus has made no attempt to demonstrate that the Ninth Circuit will consider her appeal instead of dismissing it as premature without reaching the merits.

Second, even assuming that the Ninth Circuit will consider the merits of Defendant's ineffective assistance of counsel argument, Defendant has not shown that Defendant's argument on appeal raises a "fairly debatable" question of law or fact. In order to demonstrate ineffective assistance of counsel, Defendant must show (1) that her counsel's representation "fell below an objective standard of reasonableness"; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). As to the first prong of *Strickland*, Defendant does not cite, and the Court could not find, any case in which an attorney's performance was found to have fallen "below an objective standard of reasonableness" because the attorney failed to object to a Court's Rule 32 violation.

Moreover, Defendant fails to demonstrate that she can make the showing of prejudice required by the second prong of *Strickland*. For example, Defendant fails to identify what she would have said to the Court had she been given the opportunity to allocute and why those statements plausibly would have led the Court to impose a lower sentence. Indeed, as the government points out, "[i]n her present motion, [Defendant] points to no additional mitigation arguments that her counsel failed to make and that she would make herself at resentencing." ECF No. 240 at 9. As a result, Defendant has not met her burden of demonstrating that her ineffective assistance of argument on appeal raises a "substantial question" of law or fact.

4
Case No. 16-CR-00189-LHK-1
ORDER DENYING EX PARTE MOTION FOR A STAY PENDING APPEAL

Finally, and in any event, Defendant has not demonstrated that her appeal "raises a substantial question of law or fact *likely to result in*" either a reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a "reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B) (emphasis added). Because Defendant's ineffective assistance of counsel claim is premised on counsel's failure to object to the Court's failure to allow Defendant an opportunity to allocute before the Court imposed its sentence, the most that Defendant could achieve on appeal is a resentencing. *See United States v. Daniels*, 760 F.3d 920, 921 (9th Cir. 2014) (holding that a district court violated Federal Rule of Criminal Procedure 32(B)(2)(E) by failing to offer a defendant the opportunity to allocute before imposing a sentence and remanding for resentencing). Thus, Defendant's appeal cannot possibly result in a reversal of Defendant's conviction or an order for a new trial.

As to sentence reduction, Defendant's range of imprisonment under the United States Sentencing Guidelines was calculated to be 46 to 57 months. ECF No. 204 ("PSR") ¶ 92. Defendant requested a prison sentence of 30 months, ECF No. 198 at 13, while the government requested that the Court sentence Defendant to 52 months of imprisonment. ECF No. 199 at 5. The Court sentenced Defendant to 52 months. ECF No. 206 at 2. Thus, even if Defendant had been allowed to allocute before the Court imposed a sentence, and even if Defendant's allocution would have convinced the Court to give Defendant the prison sentence that she requested, Defendant would still have been sentenced to 30 months in prison. 30 months in prison is not "a term of imprisonment" that is "less than the total of the time already served" (7 days between October 28, 2014 and November 3, 2014, PSR ¶ 3) "plus the expected duration of the appeal process," 18 U.S.C. § 3143(b)(1)(B), let alone a non-custodial sentence. As a result, Defendant has not satisfied her burden of demonstrating that her appeal is "likely to result in" either "a sentence that does not include a term of imprisonment" or a "reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.*

5
Case No. 16-CR-00189-LHK-1
ORDER DENYING EX PARTE MOTION FOR A STAY PENDING APPEAL

Accordingly, Defendant's Ex Parte Motion for a Stay Pending Appeal is DENIED.

**IT IS SO ORDERED.**

Dated: January 30, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 16-CR-00189-LHK-1
ORDER DENYING EX PARTE MOTION FOR A STAY PENDING APPEAL